RECEIVED

OCT 2 0 2020

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

_____ DIVISION

2:20-cv-1363

Sterling Reneva Rivers

Plaintiff

Prisoner #  19231-078

VS.

Civil Action No. _____   SEC. P

Judge _____

Magistrate Judge _____

Defendant

## COMPLAINT

**BY PRISONER UNDER 28 U.S.C. § 1331 OR BIVENS V. SIX UNKNOWN NAMED
AGENTS OF THE FEDERAL BUREAU OF NARCOTICS, 403 U.S. 388 (1971)**

I.     **Previous Lawsuits**

a.     Have you begun any other lawsuit while incarcerated or detained in any facility?

Yes [X]   No [ ]

b.     If your answer to the preceding question is "Yes," provide the following information.

1.    State the court(s) where each lawsuit was filed (if federal, identify the District,
if state court, identify the County or Parish):

Middle District of Tennessee, Nashville Division.
Western District of Kentucky, Litchfield Division.

2.    Name the parties to the previous lawsuit(s):

Plaintiffs: Sterling Reneva Rivers  (See Attached)
Defendants: Edward Karpells  (See Attached)

3.    Docket number(s): 3:12-cv-0538  (See Attached)

4.    Date(s) on which each lawsuit was filed: May 25, 2012 (See Attached)

5.    Disposition and date thereof [For example, was the case dismissed and when?
Was it appealed and by whom (plaintiff or defendant)? Is the case still
pending?]:

(See Attached)

*(Rev. 12/20/13)*

c.  Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?

Yes ☒   No ☐

If your answer to the preceding question is "Yes," state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

(See Attached)

II.  a.  **Name of institution and address of current place of confinement:**

Oakdale 1 F.C.C.; Po.Box 5000, Oakdale, LA 71463

b.  Is there a prison grievance procedure in this institution?

Yes ☒   No ☐

1.  Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

Yes ☒   No ☐

2.  If you did not file an administrative grievance, explain why you have not done so.

I've filed to a BP-10 and waiting on responses. Officials here has tried to interfer with my filings.

3.  If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

I've filed all the way to Regional Director and I'm awaiting response.

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III.  **Parties to Current Lawsuit:**

a.  Plaintiff,  Sterling Reneva Rivers

Address  Oakdale 1 F.C.C. P.O.Box 5000 Oakdale LA 71463

Page 2 of 4

*(Rev. 12/20/13)*

b.   Defendant, __Rodney Myers_____, is employed as

__Warden_____ at __Oakdale 1 F.C.C_____.

Defendant, __D. Stout_____, is employed as

__Associate Warden__ at __Oakdale 1 F.C.C_____.

Defendant, _____, is employed as

_____ at _____.

Additional defendants, _____

_____

## IV.   Statement of Claim

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

1. Plaintiff arrived at Oakdale 1 Federal Correctional complex (Herein after "Oakdale") in Oakdale Louisiana on or about February 19, 2020, and was assigned to Vernon 1 Unit.

2. From February 25, 2020 through March 20, 2020 Plaintiff first began to exhibit itchy eyes, sneezing, coughing, and irritated throat. Every time Plaintiff utilized the restroom, Plaintiff's itchy throat, itchy eyes, and sneezing increased. Medical staff was blaming the symptoms on possible allergies due to pollen but on March 13, 2020, Defendant Myers placed Oakdale on modified lockdown and on March 21, 2020 an official lockdown was conducted. No inmates were going outside at all and Plaintiff's symptoms worsened, between 3-13-20 and 3-30-20, to the point Plaintiff fell ill for several days with new symptoms, symptoms of Covid-19, Coughing, fever, Continuous headache, sneezing, dizzy spells, couldn't taste food, slight shortness of breath, weakness etc. It took Plaintiff from 3-21-20 to 3-25-20 to become a little better.

3. One day after feeling a bit better, Plaintiff over heard talk about Black Mold that's all over the bathroom and ceiling ventilation pipes, and it dawned on Plaintiff that his initial symptoms was that of Black Mold. So Plaintiff began evaluating his moves to find the cause of his earlier and later symptoms.

4. Plaintiff lessened his amount of times going to the bathroom. Restricted himself from leaving his cell, staying under his blanket as much as possible. Then Plaintiff, days later, hung around in the bathroom multiple minutes after taking care of his hygiene or after using the toilet and shower. come to find out, thats when the same symptoms from the beinning flared up badly again, causing Plaintiff to sneeze profusely, itchy eyes and throat. (see Attached)

Page 3 of 4

(Rev. 12/20/13)

**V.   Relief**

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes. 1. A declaration that the acts and omissions and inacts described herein violated Plaintiff's rights under the Constitution and laws of the United States; and that Plaintiff is entitled a judgment against Defendants.

2. Plaintiff is entitled injuctive relief ordering Defendants to: a. Waive the Ministration Remedy exhaustion requirment of all grievances during the Covid-19 Pandemic. b. Enjoin Defendants and their agents from retaliating against Plaintiff for seeking redress administratively or from this Court. (See additional Sheets)

**VI.   Plaintiff's Declaration**

a.   I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

b.   I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

c.   If I am located in a prison participating in the Electronic Filing Pilot Program, I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this   8   day of   October , 20   20 .

_19231-078_

**Prisoner no. (Louisiana Department of Corrections or Federal Bureau of Prisons)**

_Sterling R. Rivers_

**Signature of Plaintiff**

Page 4 of 4

1 of 2

Attachment to Complaint pages 1 and 2

I. Previous Lawsuits
   2. Plaintiffs: Sterling Reneva Rivers
      Defendants: Edward Karpells, Douglas Merideth
Beth Gentry, Sgt. Parrish Denton, Dan Weikal, Lucas Frawley,
Sgt. Robert Cogdill, D. Blaylock, D. Steely, Lt. T. Walker,
Metropolitan Government of Nashville and Davidson County
Tennessee, M. Warren, C.O. (f/n/u) White, J. Compton.
Sgt. T. Wright, Christopher Allen, Jonathan Henson, Case
# 3:12-CV-0538
      Plaintiffs: Sterling Reneva Rivers
      Defendants: Chief Deputy Jason Woosley, Jailer
Darwin Dennison, Program Director Gail H. Basham, Law library
legal assistant Morris Basham, and Deputy Mike Langdon.
Case # 4:12-CV-P97-M
      Plaintiffs: Sterling Reneva Rivers
      Defendants: F.B.I Brett W. Shields. Case # 3:12-CV-0561
      Plaintiffs: Sterling Reneva Rivers
      Defendants: Officer Jeffrey Scott, Lebanon Police
Department. Case # 3:12-CV-0562
      Plaintiffs: Sterling Reneva Rivers
      Defendants: Darran Barnes, Braden Boucek
William Billington Bruce, John Edwards, Jeffrey Scott,
Brett W. Shields, Kathleen G. Morris, Kenneth D. Quillen,
Chris Wharton, Detective White official (f/n/u) (l/n/u) a/k/a
Koyee, L.P.D. Black officer (f/n/u) (l/n/u), L.P.D. Stand-by
white officer (f/n/u) (l/n/u), Detective (f/n/u) Goolsby. Case
# 3:12-CV-0953
   3. 4. 5 and C. Sterling R. Rivers V. Edward Karpells et al
3:12-CV-0538, filed May 25, 2012, Summary Judgment "no
genuine issues of material fact" Dismissed on March 23, 2015.
Middle District Court, Nashville Division T.N.
   Sterling R. Rivers V. Jason Woosley et al 4:12-CV-P97-M
filed on or about September 13, 2012. Dismissed due to fail-
ure to prosecute on or about 2015. Western District Court,
Litchfield Division KY.
   Sterling R. Rivers V. Brett W. Shields 3:12-CV-0561
filed on or about June 1, 2012, "Failure to state a claim"
Dismissed on or about June 21, 2012. Middle District
Court, Nashville Division T.N.

1 of 2

2 of 2

Sterling R. Rivers V. Jeffrey Scott et al 3:12-CV-0562. filed on or about June 1, 2012 and Consolidated with case # 3:12-CV-0953 Sterling R. Rivers V. Darran Barnes et al, which was filed on or about 9-13-12.

Sterling R. Rivers V. Jeffrey Scott, Brett W. Shields et al 3:12-CV-0953 filed on or about September 13, 2012, Plaintiff and Defendants agreed to dismiss based on an agreement to terms in an unrelated criminal case. Agreement to dismiss was made on or about January 16, 2014. Middle District Court Nashville, Division TN.

Attchment to Complaint page 3
1 of 4

Plaintiff was on lockdown so he wasn't going outside which proves the symptoms wasn't from pollen.

5. Plaintiff aver that his suffering from the Black Mold, from February 25, 2020 to March 20, 2020, weakened his immune system to the extent that the Black Mold made him susceptible to the contration of the Coronavirus. Causing him to fall ill with Covid-19 from March 21, 2020 to March 25, 2020.

6. Plaintiff made medical visits reference to the Black Mold symptoms and later due to the beginning symptoms of the corona-virus. (See exhibit G )

7. Plaintiff wrote Cop-Outs and grievances to inform Defendant Myers of the obvious invasion of Black Mold in the units, but the Defendant Myers and his employees acted with deliberate indifference to Plaintiff's health concerns, so plaintiff continued the grievance process. (See Exhibits H , I )

8. Plaintiff further aver from March 25, 2020. to 8-4-20, Plaintiff continuously suffered from the Black Mold all over Vernon 1 bathrooms and ventilation pipes and system to the point he was prescribed nasal spray (which didn't overcome his injuries) from Medical Staff Cherly Laws on two occassions.

9. Employees of the Defendants Myers and Carvajal do many counts and rounds through the units in a 24 hour time span. Officials definitely do a 4:00 pm count, where officials walk through the bathrooms checking shower and toilet stalls, making sure no inmates are in the bathroom before beginning their count in the unit. The same occurs before the 10:00 pm count and every count that occurs after hours, 12:00 am, 3:00 am, 5:00 am, etc.

1 of 4

10. The Black Mold on the walls and on the Ceiling ventilation pipes are so obvious that any person with eyes can't miss seeing the Black Mold. Upon walking into the bathroom every person has no choice but to face the walls above the sinks until making it fully inside the bathroom where one can make a left turn towards the urinals and toilets or a right turn toward the ~~urinals~~ Shower Stalls. The Black Mold covers the wall above the sinks very badly, so every time officials walk into the bathrooms they can see that there's Black Mold everywhere.

11. This problem has been apparent since Plaintiff has been at Oakdale and other inmates says the problem has been here for 2 and 3 years during their time at Oakdale. Therefore, the Defendants Myers and Stout and their employees continuously turn a blind eye to the Black Mold, which is deliberate indifference and wanton disregard to the obvious risk of harm and exposure that the Black Mold threatens Plaintiff's health, future health and his life.

12. Plaintiff spends several hours a day frequenting and using the bathrooms with Black mold inches and feet from his nose and body. Defendants Warden Myers and A.W. Stout has made many many walks through Vernon 1 unit and through the bathrooms. The Black Mold can't be missed by the defendants.

13. Upon information and belief, many inmates has made gripes to the Defendant Myers and Other Officials and used the grievance process about the Black Mold, but instead of immediately fixing the problem, the defendants and officials are rumored to simply paint over the Black Mold days before inspections and transfers the complaining inmate to another facility.

2 of 4

3 of 4

14. Building Rapides is a building at Oakdale like Vernon ant the other two buildings (Allen, and Eva). The buildings consist of two units, Side 1 and Side 2. Rapides had been completely closed down since Plaintiff's arrival in February 2020. Other inmates that has been at Oakdale for 3 to 5 years says Rapides has been closed for about 3 years.

15. Upon information and belief, Rapides was closed due to the Black Mold being too extensive and out of control in the building.

16. During the Covid-19 outbreak at Oakdale, in March 2020, construction workers. seen by Plaintiff and Oakdale population, worked in Rapides with a huge dumpster situated infront of the building. Several days later, Defendants Myers and A.W. Stout moved the Campers from the Oakdale Camp into Rapides 1 and began using Rapides 2 side to quarantine inmates scheduled for release.

17. The point is, that's more evidence of the Black Mold problem, and Vernon building (and other units) are experiencing the same take-over of Black Mold as Rapides had been. The Defendants Myers, Stout and their employees are ignoring the problem despite common knowledge that Black Mold is dangerous and causes continuing respatory problems, leaving Plaintiff and many lives at risk of future and current health problems due to the unreasonable exposure to the Black Mold.

18. Plaintiff has experienced the injuries of coughing, itchy eyes and throat, and extreme sneezing from the Black Mold Due to the Defendants Warden Myers, A.W. Stout and their employees deliberate indifference which violates Plaintiff's 5th and 8th Amendment

3 of 4

4 of 4

rights to the U.S. Constitution. The cruel and unusual conditions further caused Plaintiff Mental Anguish, emotional distress and fear for his life. At all times herein all defendants acted under color of Federal law.

1 of 1

Attachment to Complaint page 4 of 4

c. Shut down every pod immediately that suffers from the invasion of Black Mold rather than simply painting over the Black Mold to prevent the observation thereof and for the Defendants to specifically have the ventilation pipes that's covered with Black Mold removed.

d. Make immediate and appropriate transfers, furloughs, or relasals of inmates to make possible for the Defendant Myers (or Acting warden) to shut down every pod that's infested with Black Mold.

e. If necessary, the implementation of a three-judge panel to reduce the prison population for the aforementioned reasons.

f. If Plaintiff is transfered have plaintiff within 500 miles of his release address and not placed in transit for days exceeding 30 days from the time he leaves Oakdale prison.

g. restrict Defendant Myers (or acting Warden) from placing Plaintiff under diesel therapy.

3. Compensatory damages in the amount of $5,000,000 against Defendant Myers, jointly and severally and $1,000,000 against Defendant Stout, jointly and severally.

4. Punitive damages in the amount of $1,000,000 against Defendant Myers, jointly and severally and $1,000,000 against Defendant Stout, jointly and severally.

5. A jury trial on all issues triable by jury.

6. Plaintiff's costs in this suit.

7. Any additional relief this Court deems just, proper, and equitable.

1 of 1