## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STERLING RENEVA RIVERS** | : | **CIVIL ACTION NO. 2:20-cv-1363** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **RODNEY MYERS, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is Motion to Dismiss, and in the alternative, Motion for Summary Judgment [doc. 20] filed by defendant Associate Warden Dayn Stout in this civil rights action brought by pro se plaintiff Sterling Reneva Rivers, an inmate in the custody of the Federal Bureau of Prisons, currently incarcerated at FCI-Pollock Medium. His claims are related to his incarceration at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Dismiss, or in the alternative for Summary Judgment [doc. 20] be **GRANTED** and that the action be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

### I.
#### BACKGROUND

Plaintiff filed the instant complaining, alleging that he suffered injury as a result of the black mold at FCIO. Specifically, he alleges that the black mold that is "all over the bathroom and ceiling ventilation pipes" caused itchy eyes, sneezing, coughing and irritate throat. Doc. 1, p. 3.

-1-

Further, he contends that his exposure to the black mold caused his immune system to weaken, thus making him more susceptible to contracting Covid-19, which he ultimately did.  *Id*. at p. 7.

On October 18, 2021, defendant Associate Warden Dayn Stout filed a Motion to Dismiss, or in the alternative for Summary Judgment, asserting that the plaintiff's complaint should be dismissed, as he failed to exhaust administrative remedies.  Doc. 20.   Despite being granted three (3) extensions of time in which to file a response to the motion (docs. 33, 37, 45), plaintiff failed to do so.

The matter is now ripe for review. At the outset, the Court notes that it will address this motion under the summary judgment standard of Fed. R. Civ. P. 56, because it is necessary to consider evidence that is not contained in the pleadings.

## II.
### LAW AND ANALYSIS

#### A. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*,

896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995) (quoting *Hibernial Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Failure to file an opposition and statement of contested material facts, however, results in the court deeming statements of uncontested material facts admitted for the purposes of the motion. Local Rule 56.2.

### B. *Application*

The Federal Bureau of Prisons has a four-step process for resolving complaints by prisoners. See 28 C.F.R. § 542.10 et seq. Initially, a prisoner must informally attempt to resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. §542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id.*

The Prison Litigation Reform Act (PLRA) requires exhaustion of the available remedies. See 42 U.S.C. §1997(e) (a); *see also Booth v. Churner*, 532 U.S. 731 (2001), *Porter v. Nussle*, 534 U.S. 516 (2002), and *Clifford v. Gibbs*, 298 F.3d 328, 331-332 (5th Cir. 2002) (holding that the Prison Litigation Reform Act's exhaustion requirement is mandatory, not discretionary, and the prisoner must exhaust). Inmates are required to exhaust administrative remedies irrespective of the forms of relief sought and offered through administrative sources. *Booth*, 532 U.S. at 741 n. 6. This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter*, 534 U.S. at 532. More recently, the Supreme Court held that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Because Rivers' *Bivens* action relates to prison conditions and was brought while he was a prisoner confined in a correctional facility, he was required to exhaust available administrative remedies before filing suit.

Under the PLRA, "proper exhaustion" means that the prisoner is required to "compl[y] with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S.Ct. 2378, 2386 (2005). The Fifth Circuit further holds that exhaustion means that a petitioner has "take[n] complete advantage of legal remedies."[1] *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) (cleaned up), *overruled on other grounds as explained in Gonzalez v. Seal*, 702 F.3d 785, 787–88 (5th Cir. 2012). Accordingly, a petitioner who only

---

[1] As the Fifth Circuit subsequently noted, there are certain circumstances – chiefly where the prison fails to respond to the grievance – where administrative remedies may be deemed exhausted, despite the inmate's failure to progress to the next step of the remedy procedure. *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) (citing *Wilson v. Epps*, 776 F.3d 296 (5th Cir. 2015)). Based on the defendant's evidence, such circumstances do not apply here.

complies with the first step of a grievance procedure has not exhausted his claim if that procedure contemplates additional steps. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Rivers submitted one Administrative Remedy related to black mold at FCI-Oakdale, Administrative Remedy No. 1028805. Doc. 20, att. 2, pp. 23-29. Plaintiff's BP-9 was received on June 23, 2020 and denied on July 15, 2020. *Id*. at p. 30. Plaintiff's BP-10 appeal was received on August 3, 2020 and denied on October 1, 2020. *Id*. at p. 33. Plaintiff filed the instant Complaint on October 20, 2020, prior to the exhaustion of his administrative remedies. *See* doc. 1, p. 2, ¶ II(a)(2). According to Tamala Robinson, legal assistant for the Federal Bureau of Prisons, plaintiff subsequently submitted two BP-11 appeals for AR No. 1028805. *See* Declaration of Tamala Robinson, doc. 20, att. 2, p. 2, ¶ 5. The first BP-11 was received on October 22, 2020 and rejected on November 9, 2020 because plaintiff did not provide the appropriate documentation required for review. *Id*. The second BP-11 was received on October 26, 2020, and rejected on November 12, 2020, again for missing documentation required for review. *Id*. Plaintiff did not resubmit his BP-11 as instructed and therefore, did not exhaust his administrative remedies. *Id*. Thus, because plaintiff failed to exhaust his administrative remedies, his *Bivens* suit must be dismissed.

### IV.
### CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss, in the alternative, Motion for Summary Judgment [doc. 20] be **GRANTED** and that this matter be **DISMISSED WITHOUT PREJUDICE** due to lack of exhaustion.

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 7th day of April, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE